In the
UNITED STATES COURT OF APPEALS
For the Eighth Circuit

---

No. 16-3238

Criminal

---

UNITED STATES OF AMERICA,

Appellee,

v.

REX LEE FURMAN,

Appellant.

---

Appeal from the United States District Court for the
District of Minnesota

---

BRIEF OF APPELLANT

---

MANNY K. ATWAL
Assistant Federal Defender
District of Minnesota

U.S. Courthouse, Suite 107
300 South Fourth Street
Minneapolis, MN 55415

Attorney for the Appellant

# SUMMARY AND REQUEST FOR ORAL ARGUMENT

Rex Lee Furman was convicted after a jury trial of the following: thirteen counts of Production of Child Pornography pursuant to 18 U.S.C. § 2251(e); two counts of Distribution of Child Pornography pursuant to 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1); one count of Receipt of Child Pornography pursuant to 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1); one count of Possession of Child Pornography pursuant to 18 U.S.C. § 2252(b)(2); and one count of Commission of a Felony Offense Involving a Minor when Required to Register as Sex Offender pursuant to 18 U.S.C. § 2260A. At trial, Mr. Furman conceded he was guilty of receiving and possessing child pornography and committing the offenses while he was a registered sex offender. He denied he produced or knowingly possessed child pornography. In appealing his convictions, he argues that the government failed to present sufficient evidence such that a rational trier of fact could find him guilty and the court should have excluded evidence of a prior conviction. He was sentenced to a mandatory life sentence pursuant to 18 U.S.C. § 3559(e) plus an additional ten years pursuant to 18 U.S.C. § 2260A. In appealing his sentence, he argues the sentence violates the Eighth Amendment of the United States Constitution.

Mr. Furman seeks ten minutes in which to present oral argument.

i

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. iii

JURISDICTIONAL STATEMENT ........................................................1

STATEMENT OF ISSUES ...................................................................2

STATEMENT OF THE CASE .............................................................3

SUMMARY OF ARGUMENTS ..........................................................13

ARGUMENTS:

I.     As a matter of law, evidence was insufficient to find Mr. Furman guilty of
       producing and distributing child pornography ..............................................13

II.    The 1999 conviction should have been excluded from trial pursuant to
       FRE 403 ................................................................................................17

II.    The court erred in sentencing Mr. Furman to the mandatory term of
       imprisonment of life plus ten years as the sentence violates the Eighth
       Amendment of the United States Constitution ...............................................19

CONCLUSION ...................................................................................24

ADDENDUM:

Judgment in a Criminal Case
Certificate of Compliance and of Virus Free Electronic Brief
Certificate of Service

Appellate Case: 16-3238     Page: 3     Date Filed: 01/05/2017 Entry ID: 4487130

# TABLE OF AUTHORITIES

**CASES:**                                                                      **Page**

*Ewing v. California*, 538 U.S. 11, 123 S.Ct. 1179 (2003) ................................2, 19

*Graham v. Florida,* 560 U.S. 48 (2010) ...............................................20, 23

*Harmelin v. Michigan*, 501 U.S. 957 (1991) ............................................21

*In re Winship*, 397 U.S. 358 (1970) ...................................................2, 14

*Jackson v. Virginia*, 443 U.S. 307 (1979)...........................................2, 13, 14

*Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166 (2003) ................................2, 20

*Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455 (2012) ...............................2, 21

*Mullaney v. Wilbur*, 421 U.S. 684 (1975)...........................................2, 14

*United States v. Curtis*, 965 F.2d 610 (8th Cir.1992) ..............................19

*United States v. Davis*, 103 F.3d 660 (8th Cir. 1996)...........................2, 13

*United States v. DeFoggi,* 839 F.3d 701 (8th Cir. 2016)...........................13

*United States v. LeCompte,* 131 F.3d 767 (8th Cir. 1997)............................2, 17, 18

*United States v. Manning*, 738 F.3d 937 (8th Cir. 2014)..........................13

*United States v. Martin*, 677 F.3d 818 (8th Cir. 2012)............................21

*United States v. Lee*, 625 F.3d 1037 (8th Cir. 2010) .............................21

*United States v. May,* 535 F.3d 912 (8th Cir. 2008)...............................19

*United States v. Mound*, 149 F.3d 799 (8th Cir. 1998)............................18

iii

Appellate Case: 16-3238    Page: 4    Date Filed: 01/05/2017 Entry ID: 4487130

*United States v. Never Misses A Shot*, 781 F.3d 1017 (8th Cir. 2015)................2, 18

*United Sates v. Rodriguez-Ramos*, 663 F.3d 356 (8th Cir. 2011) ..........................21

*United States v. Smith*, 606 F.3d 1270 (10th Cir. 2010)...........................................22

*United States v. Thomas*, 900 F.2d 37 (4th Cir.1990) ..............................................19

*United States v. Wiest*, 596 F.3d 906 (8th Cir. 2010) ...............................................21

*United States v. Withorn*, 204 F.3d 790 (8th Cir. 2000)...........................................18

## STATUTES AND LEGISTLATIVE:

The Eighth Amendment of the United States Constitution ............................*passim*

18 U.S.C. § 2251(e) ........................................................................................................i

18 U.S.C. § 2252(a)(2)...............................................................................................iv, 6

18 U.S.C. 2252(b)(1)......................................................................................................iv

18 U.S.C. § 2260A ......................................................................................................i, 6

18 U.S.C. § 3559(e) ................................................................................11, 21, 22, 23

## OTHER AUTHORITIES:

Federal Rule of Evidence 403................................................................2, 17, 18, 19

Federal Rule of Evidence 414...................................................................7, 17, 18

iv

# TABLE OF ABBREVIATIONS

**Abbreviation**                                              **Description**

DCD ............................................................................District Court Docket Number

PSR............................................................Revised Presentence Investigation Report

MHT ................................................................................ Motion Hearing Transcript

PT .............................................................................................. Pretrial Transcript

ST ............................................................................... Sentencing Hearing Transcript

TT ........................................................................................... Trial Transcript

Appellate Case: 16-3238    Page: 6    Date Filed: 01/05/2017 Entry ID: 4487130

# JURISDICTIONAL STATEMENT

The government charged appellant Rex Lee Furman by indictment, filed in United States District Court for the District of Minnesota. (DCD 1).[1] The allegations were as follows: Counts 1 -13: Production of Child Pornography; Counts 14-15: Distribution of Child Pornography;  Count 16: Receipt of Child Pornography; Count 17: Possession of Child Pornography; and Count 18 Commission of a Felony Offense Involving a Minor When Required to Register as a Sex Offender. The Honorable David S. Doty, Senior United States District Judge for the District of Minnesota, presided at Rex Lee Furman's trial and sentencing. The government invoked the jurisdiction of the District Court pursuant to 18 U.S.C. § 3231.

The district court entered judgment on July 20, 2016, (DCD 126), and Mr. Furman filed a notice of appeal on July 28, 2016, (DCD 131), which was timely pursuant to FRAP 4(b). This Court has jurisdiction to decide the present appeal pursuant to 28 U.S.C. § 1291.

---

[1] Record citations are described in the Table of Abbreviations, *supra*.

1

# STATEMENT OF ISSUES

## I.

**As a matter of law, evidence was insufficient to find Mr. Furman guilty of producing and distributing child pornography.**

*In re Winship*, 397 U.S. 358 (1970).

*Mullaney v. Wilbur*, 421 U.S. 684 (1975).

*Jackson v. Virginia*, 443 U.S. 307 (1979).

*United States v. Davis*, 103 F.3d 660 (8th Cir. 1996).

## II.

**The 1999 conviction should have been excluded from trial pursuant to FRE 403.**

*United States v. Never Misses A Shot*, 781 F.3d 1017 (8th Cir. 2015)

*United States v. LeCompte,* 131 F.3d 767 (8th Cir.1997)

## III.

**The court erred in sentencing Mr. Furman to the mandatory term of imprisonment of life plus ten years as the sentence violates the Eighth Amendment of the United States Constitution.**

The Eighth Amendment of the United States Constitution.

*Ewing v. California*, 538 U.S. 11, 123 S.Ct. 1179 (2003).

*Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166 (2003).

*Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455 (2012).

2

## STATEMENT OF THE CASE

This case is about the actual extent of Mr. Rex Furman's unlawful activities. At trial, the government succeeded in convincing the jury that Mr. Furman not only possessed and received child pornography, but also produced and distributed child pornography. Mr. Furman has steadfastly denied the production and distribution allegations all the way through sentencing, while openly acknowledging his guilt as it pertains to the possession and receipt counts. While a portion of Mr. Furman's activities are undoubtedly criminal, the law requires that an individual is sentenced in proportion to his culpability in perpetrating a crime. Therefore, Mr. Furman appeals both his conviction, as he did not produce or distribute child pornography, and the sentence imposed, life plus ten years consecutive, was a cruel and unusual punishment in violation of the Eighth Amendment.

### I. Mr. Rex Furman's Background

Fifty-four-year-old Rex Furman was convicted of, and admitted to a portion of, a variety of unsavory crimes. Nonetheless, his conduct was the byproduct of a cold, hard life. Mr. Furman was born in Texas in 1962. He was one of five children. As his father was in the military, Mr. Furman's life, as well as those of his family members, was shaped by the father's military orders. As a result, the

Appellate Case: 16-3238    Page: 9    Date Filed: 01/05/2017 Entry ID: 4487130

family was uprooted from Texas when Mr. Furman was still a child and they moved to Minnesota. (PSR, ¶¶ 85-86).

Mr. Furman's mother passed away from a cerebral tumor in 1971. Thereafter, his father became aggressive and abusive. Without his mother to protect him, Mr. Furman was a vulnerable target for his father's physical abuses. Instances of abuse included times when Mr. Furman was beaten by a wooden board wielded by his father. The marks of his abuse, mainly bruises and abrasions, would paint Mr. Furman's body for much of his young life. Mr. Furman attempted to escape the abuse by running away, but to no avail. Instead, he became rebellious and angry. As a result, Mr. Furman was placed in various foster homes in Minnesota. (PSR, ¶ 86).

Mr. Furman was a victim of sexual abuse when he was eight years old. When he reported this to his father and teachers, no one believed him, and the abuse was never addressed. (PSR, ¶ 87).

Mr. Furman had troubles educationally growing up, but graduated from high school in Hopkins, Minnesota. He was diagnosed with dyslexia and other comprehension issues, but excelled in hands on courses such as wood and metal working. Mr. Furman was able to earn an Associate's Degree in Horticulture and Landscaping Design from Century College while he was incarcerated previously.

Appellate Case: 16-3238    Page: 10    Date Filed: 01/05/2017 Entry ID: 4487130

Up until his arrest in the present case, Mr. Furman made a living by selling his wood working to the public. (PSR, ¶¶ 88, 90).

Mr. Furman has been married twice. First in 1984. The couple had three children. Mr. Furman married again in 2007; the marriage dissolved in 2012. Mr. Furman also has two additional children. (PSR, ¶ 89).

Mr. Furman has suffered from various ailments throughout his life, many of which are quite serious. He fell from a second story window, at an unknown age, and suffered a traumatic brain injury. He has a history of cluster headaches, which he has treated with an undisclosed medication as needed. Additionally, Mr. Furman suffers from arthritis, a sleeping disorder, an anterior cervical discectomy and fusion C4 to C7 (herniated disc), colon cancer, high blood pressure, hypothyroidism, diabetes, and multiple digestive issues. (PSR, ¶¶ 90, 96). During his pretrial detention in the present case, he was frequently taken to the hospital because of medical issues related to his colon cancer.

## II. The Charges and Procedural History

On October 7, 2014, an 18-Count Indictment was filed charging Mr. Furman with production, distribution, receipt and possession of child pornography as well as committing a felony offense involving a minor when required to register as a sex offender. A superseding Indictment was filed on October 14, 2015.

5

Counts 1-8 and 9-13, Production of Child Pornography from on or about September 3 and August 26, 2012, were charged pursuant to 18 U.S.C. § 2251(a) and (e). Because of a prior sex conviction involving a minor, Mr. Furman faced a mandatory life sentence. Counts 14 and 15, Distribution of Child Pornography from October 15 and August 23, 2013, were charged pursuant to 18 U.S.C. § 2252(a)(2) and (b)(1). Again, because of a prior sex conviction, he faced a mandatory 15 to 40 years imprisonment. Count 16, Receipt of Child Pornography from December 2, 2013, was charged pursuant to 18 U.S.C. § 2252(a)(2) and (b)(1), and carried a mandatory 15 to 40 years imprisonment. Count 17, Possession of Child Pornography from February 13, 2014, was charged pursuant to 18 U.S.C. § 2252(a)(2)(B) and (b)(2), carried a mandatory 10 to 20 years imprisonment. Finally, Count 18, Commission of a Felony Offense Involving a Minor When Required to Register as a Sex Offense between August 26, 2012 and February 13, 2014, was charged pursuant to 18 U.S.C. § 2260A. The conviction carried a mandatory consecutive 10 years imprisonment.

On February 2, 2015, Mr. Furman challenged the admission of evidence found inside his home pursuant to a search warrant. (DCD, 21). He further argued his statements should be suppressed. (DCD, 22). (MHT, 4-6). The motions were denied.

Appellate Case: 16-3238    Page: 12    Date Filed: 01/05/2017 Entry ID: 4487130

On October 14, 2015, a pretrial conference was held. Mr. Furman addressed the court as he had filed numerous pro se motions. The court did not address the motions directly. (PT, 48-53). The government had noticed Mr. Furman they intended to use a prior conviction at trial pursuant to FRE 404 and 414. (DCD, 44). At the pretrial conference and in a written memorandum, Mr. Furman argued his prior bad acts should not be introduced at trial. The court, pursuant to FRE 414 allowed the evidence and asked the parties to work on the details of the convictions. (PT, 9). Prior to the government introducing the 1999 sexual conduct in the first degree conviction, Mr. Furman objected again and was overruled. (TT, 363). The jury was shown a certified copy of the conviction, the relationship between the victim and Mr. Furman, the age of the victim, and the sexual act. (TT, 337, 349, 365).

A jury trial began on October 19, 2015, and the jury returned guilty verdicts on all 18 counts on October 22. The court denied Mr. Furman's Rule 29 motion in a written order on October 23, 2015. (DCD, 92). Mr. Furman was sentenced to life plus ten years in prison on July 20, 2016. After again objecting to the jury's findings and arguing the unconstitutionality of the sentence, he filed an appeal.

## III. Mr. Furman's Conduct from the PSR and Trial Transcript

Prior to his prosecution for the present offense, Mr. Furman was convicted of Fourth Degree Criminal Sexual Conduct in Wright County, Minnesota in 1981.

7

He objected to the PSR's conclusion that the conviction was an adult conviction. Next, in 1999, he was convicted of First Degree Criminal Sexual Conduct in Hennepin County, Minnesota. (TT, 363-364). As a result of the second conviction, Mr. Furman was required to register as a sex offender until 2021. (PSR, ¶¶ 6-7, and Addendum). At the time of this offense, he was registered as required by the state. (TT, 368).

In September 2012, Mr. Furman's relative, R.L., came to live with Mr. Furman as well as her four children. R.L's daughter A.Z. began living with Mr. Furman in August 2012. (TT, 369). During this time period, Mr. Furman's brothers-in-law were staying with Mr. Furman. (TT, 370).

Around August 20, 2013, the Minnesota Bureau of Criminal Apprehension ("BCA") download child pornography from a peer to peer file sharing program, known as "Aries." (TT, 306). The BCA's investigation led to involvement from the Minneapolis Police Department ("MPD"). Over the course of four or five months, following the BCA's initial discovery, MPD was able to download various pieces of child pornography from IP address 198.37.137.34. That IP address was eventually traced back to Mr. Furman's brother, through the acquisition of an administrative subpoena, who resided in Federal Dam, Minnesota. The BCA was able to download the files during that time, using "Gnutella," a peer to peer file

sharing program similar to "Aries." Eventually, the agencies discovered that the 20 files obtained from both investigations were from the same computer.

Upon discovering that the address affiliated with the IP address had two residences on it, Mr. Furman's and his brother's, a search warrant for both residences was executed on February 13, 2014. (TT, 317). An agent testified that when they were entered Mr. Furman's home, and announced they were searching for child pornography, Mr. Furman stated that "yeah, I got some of that on my computer." (TT, 322). Three file sharing programs were found on Mr. Furman's computer, but he told the agent "Like I said, I don't distribute." (TT, 336, 338). In other words, he was telling the agent if he did distribute, he did not do so knowingly. He repeated the statement at least seven times during the interview. (TT, 374). He further told the agent that he did not understand file sharing programs. (TT, 340). He stated "But I don't leave anything in the shared file long enough. I usually cut everyone off." (TT, 377). He admitted to possessing child pornography, using search terms to find child pornography, and printing child pornography. (TT, 375).

On two CDs, images depicting close-ups of a young girl(s)' genitalia were found. (TT, 354). The government, throughout the investigation and trial, maintained that these images are of A.Z. and S.Z., and thus were the evidence supporting the thirteen counts of production of child pornography in the

9

indictment. (TT, 361). After the search, the agent testified that Mr. Furman stated there would be a video of him and his relative, R.L, applying medicine to the girl's vaginal areas and the events took place in a bedroom. (TT, 348, 353). Some of the images shown to jurors to support counts 1-13 showed the girls' were in the living room rather than a bedroom. (TT, 358, 381). Agents never showed Mr. Furman the 13 images during the three interrogations to question him as to whether the 13 images were the images Mr. Furman was referring to in his February statement. (TT, 381). Rather, when the images were described to Mr. Furman, he stated "those don't sound familiar." (TT, 385).

After a week of testimony, the jury was sent to deliberate, and after some time, returned with guilty verdicts on all counts against Mr. Furman (TT, 552).

## IV.    Sentencing

Having been found guilty on all counts, the proceedings against Mr. Furman moved on to sentencing. Probation drafted a PSR. Mr. Furman objected to numerous parts of the PSR, but most importantly the factual bases underlying the production and distribution counts and the statutory approval for a life sentence, stating that such a punishment would violate the Eighth Amendment's prohibition against cruel and unusual punishment. (ST, 2-3).

10

Mr. Furman appeared before Senior Judge Doty on July 20, 2016 for sentencing. Mr. Furman again objected to the PSR, which were noted by the court. (ST, 2-3).

The court responded to the defense's objections by stating that the factual bases was proven by jury trial and that the life sentence was not unconstitutional because it was not disproportionate when you consider Mr. Furman's offense and criminal history (ST, 13- 14). Mr. Furman addressed the court. He stated he was before the court on behalf of the "defendant debtor" and that he has "no liability in the matter before the court." (ST, 4) After a discussion with the court, the court continued with the sentencing. (ST, 4-9). With the objections accounted for, the court imposed a sentence of life plus ten years consecutive on Mr. Furman. The court overruled Mr. Furman's objections, and found at least one prior conviction qualified for a sex offense such that Mr. Furman was subject to a mandatory life sentence under 18 U.S.C. § 3559(e). The court further found that no Eighth Amendment violation existed in the life sentence. (ST, 13-14, 16). After the sentence was imposed, Mr. Furman objected to the application of the statutes and the guilty verdicts related to counts 1 through 16. (ST, 23-24).

Promptly after receiving his sentence, Mr. Furman filed the necessary paperwork to initiate the current appeal. Mr. Furman argues that the trial court erred in both his conviction and in his sentence.

11

## SUMMARY OF ARGUMENTS

As a matter of law, the evidence was insufficient to find Mr. Furman guilty of producing and *knowingly* distributing child pornography. Mr. Furman conceded at trial that he was guilty of possessing and thereby receiving child pornography. He argued and continues to argue that he is not guilty of producing the child pornography alleged in the superseding Indictment and distributing the child pornography alleged in the superseding Indictment. The production counts triggered a mandatory sentence of life in prison. The government unfairly prejudiced Mr. Furman right to a fair trial by introducing evidence of a sexual conduct conviction. Mr. Furman argues that the sentence of imprisonment of life plus ten years violates the Eighth Amendment of the United States Constitution.

Appellate Case: 16-3238    Page: 18    Date Filed: 01/05/2017 Entry ID: 4487130

# ARGUMENT

## I. AS A MATTER OF LAW, EVIDENCE WAS INSUFFICIENT TO FIND APPELLANT GUILTY OF PRODUCING AND DISTRIBUTING CHILD PORNOGRAPHY.

### A. Standard of Review

In deciding whether the government presented sufficient evidence to uphold a jury's guilty verdict, this Court employs de novo review. *United States v. DeFoggi,* 839 F.3d 701, 709 (8th Cir. 2016). In doing so the Court examines the trial evidentiary record in a "light most favorable to the jury's verdict," meaning that factual disputes and reasonable inferences found there are presumed to favor the jury's decision. *United States v. Manning*, 738 F.3d 937, 945 (8th Cir. 2014).

### B. Insufficient Evidence

That being said, there exists insufficient evidence to uphold a jury verdict when the record shows that "a reasonable factfinder must have entertained a reasonable doubt about the government's proof of one of the offense's essential elements." *United States v. Davis*, 103 F.3d 660, 667 (8th Cir. 1996) (citation omitted) (emphases added); accord, e.g., *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). Thus, for example, the evidence is insufficient and reversal is required when the totality of the evidence in the trial record "is equally strong to infer innocence as to infer guilt." *Davis*, 103 F.3d at 667 (citation omitted). The

13

government is required to prove each and every element beyond a reasonable doubt. *In re Winship*, 397 U.S. 358 (1970); *Mullaney v. Wilbur*, 421 U.S. 684 (1975). A conviction must be reversed if it is found upon the evidence adduced at trial that no rational trier of fact could have found him guilty by evidence beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1978).

### 1. Production of Child Pornography: Counts 1-13

Production of Child Pornography pursuant to 18 U.S.C. § 2251, reads, in part, as follows:

> (a) Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

14

At no time has Mr. Furman admitted he produced child pornography. In February and September 2014, he told agents there might be pictures of his minor relatives where he is applying medicine to them in his bedroom. Yet, there was no follow up with by the agents to see if the pictures he described matched the pictures in counts 1-13 of the Indictment. In fact, when the agents described the images from counts 1-13, Mr. Furman told the agents he did not know what images they were discussing. (TT, 385). Further some of the images were clearly taken in the living area rather than the bedroom. (TT, 381). The images he described did not match the images in counts 1-13 (TT, 495). None of the girls testified in the trial, yet the government argued that Mr. Furman molested his minor relatives. There was no such evidence.

## 2.    Distribution of Child Pornography: Counts 14 and 15

Distribution of Child Pornography pursuant to 18 U.S.C. § 2552(a)(2) states, in part, the following:

> 2)  knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if—
> (A)  the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

15

(B)   such visual depiction is of such conduct.

Several times during Mr. Furman's February 2014 interrogation, he told the agent he did not distribute child pornography. (TT, 374).  He told the agent that even though he used Aries, he moved the pornography from the shared file and cut everyone off. (TT, 377).  To further support his stance that he did not understand a file sharing program, the agent had to explain to Mr. Furman how the file sharing works and Mr. Furman responded "well, I don't know nothing about that. I don't leave things open."  (TT, 378).  Mr. Furman continued to ask the agent how the agent was able to download child pornography from his files.  (TT, 378).

The word "knowingly has the required *mens rea* for the distribution counts.  Mr. Furman did not share any files via e-mail or chatroom.  Rather, two investigating agents were able to download 20 images from Mr. Furman's file sharing program.  However, this is mitigated by the fact that Mr. Furman time and time again stated that he "doesn't distribute," and had no knowledge as to how file sharing programs worked.  Officer Hanson, who has an extensive background in investigating child pornography through use of file sharing programs, testified that the file sharing program would let the user know they were sharing, and that Mr. Furman's programs were set to share.  However, the officer could not identify the uses of the "ribbon" at the bottom of the program, which included buttons that show a user whether the program is set to share files. (TT, 183-184). Officer

16

Hansen also conceded that many people probably do not actually read that language when they install file sharing programs, similarly to when they quickly scroll through language before obtaining a smartphone update. (TT, 173-174). There was no evidence to show that Mr. Furman *knowingly* distributed child pornography as found in counts 14 and 15 of the indictment.

There are deficiencies in the evidence pertaining to the production and distribution counts. The deficiencies require a reversal of counts of convictions.

## II. THE 1999 CONVICTION SHOULD HAVE BEEN EXCLUDED FROM TRIAL PURSUANT TO FRE 403.

### A. Standard of Review

Court of Appeals reviews for abuse of discretion district court's application of rule permitting court to exclude relevant evidence if its probative value is outweighed by other concerns. *United States v. LeCompte,* 131 F.3d 767 (8th Cir. 1997).

### B. Legal Analysis

Federal Rule of Evidence 414 states, in part, the following:

> (a) In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.

17

In making the admissibility determination under FRE 414, the court must: (1) determine whether the proposed bad-acts evidence is relevant to any disputed issue in the case at hand; and (2) if so, decide whether the probative value of the evidence is substantially outweighed by one or more of the factors set forth in FRE 403. *United States v. Never Misses A Shot*, 781 F.3d 1017, 1027 (8th Cir. 2015). Congress imposed Rule 414 at least partially to ease the government's path to conviction in alleged sexual misconduct cases. *United States v. Withorn*, 204 F.3d 790, 796 (8th Cir. 2000). But recognizing the potential for injustice, such bad-acts evidence must be excluded or limited under FRE 403 where it is only marginally relevant, wastes time, confuses the issues, threatens unfair prejudice, and the like. *United States v. Mound*, 149 F.3d 799, 801-02 (8th Cir. 1998). If relevant, such evidence is admissible unless its probative value is "substantially outweighed" by one or more of the factors enumerated in Rule 403, including "the danger of unfair prejudice." *United States v. LeCompte,* 131 F.3d 767, 769 (8th Cir.1997). FRE 403 balancing obligation calls for analysis of: (A) the purpose and/or relevance of the bad-acts evidence; (B) its probative value for that purpose in light of evidentiary alternatives; and (C) its likely prejudicial effect, confusion of issues, and the like. Although, as an alternative, Mr. Furman offered to a stipulation that he was previously convicted of a felony requiring registration as a sex offender this was not done. It would have given the government all the leeway it needs to prove

18

Count 18, and make its propensity argument as well. However, the details of the

offense were given to the jury. (TT, 365-366). The details involved sexual contact

with a minor relative. The evidence was such that the jury clearly ignored the lack

of evidence when it came to the production counts that allegedly involved minor

relatives of Mr. Furman. The evidence should had been excluded pursuant to FRE

403.

**III.  THE COURT ERRED IN SENTENCING MR. FURMAN TO THE
MANDATORY TERM OF IMPRISONMENT OF THIRTY YEARS
OF LIFE PLUS TEN YEARS AS THE SENTENCE VIOLATES THE
EIGHTH AMENDMENT OF THE UNITED STATES
CONSTITUTION.**

**A.  Standard of Review**

The constitutionality of a statute is reviewed de novo. *United States v. May,*

535 F.3d 912, 915 (8th Cir.2008). "In reviewing a sentence challenged on equal

protection grounds, we consider whether Congress 'rationally could have decided

that the classification would further the statutory purpose.'" *United States v.*

*Curtis*, 965 F.2d 610, 615 (8th Cir.1992), quoting *United States v. Thomas*, 900

F.2d 37, 39 (4th Cir.1990).

**B.  Legal Argument**

"The Eighth Amendment, which forbids cruel and unusual punishment,

contains a narrow proportionality principle that applies to noncapital sentences."

*Ewing v. California*, 538 U.S. 11, 20, 123 S.Ct. 1179 (2003). Under the Eighth

19

Amendment, a court may find a statute unconstitutional if it is grossly disproportionate to the offense. *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166 (2003).

The Eighth Amendment has spawned at least two major judicial approaches to determining whether a state-imposed penalty passes constitutional muster. The Supreme Court discussed the matter in some detail in its opinion *Graham v. Florida,* 560 U.S. 48 (2010). There, the high court explained that under the first analytical mode, judges examine term-of-years sentences based upon "all the circumstances in a particular case" to decide whether the outcome establishes a "lack or proportionality." *Graham*, 560 U.S. at 59-60. In the second mode, a court need not be concerned with individualized facts and circumstances in the matter at hand; instead, this mode looks to craft "categorical rules to define Eighth Amendment standards." *Graham*, 560 U.S. at 60. Courts formulate these "categorical rules" by examining the nature of the offense and the characteristics of the offender. *Id.*

The statutory regime at issue here must be analyzed under the categorical strand of Eighth Amendment analysis. This requires laying aside the particular facts and circumstances of this or any other particular case, and instead determining whether the statutory regime offends the Eighth Amendment in all applications.

Appellate Case: 16-3238    Page: 26    Date Filed: 01/05/2017 Entry ID: 4487130

In *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455 (2012), the Supreme Court held that mandatory life sentences without the possibility of parole are unconstitutional when applied to juveniles. *Miller* was a major change to the court's position regarding mandatory minimum sentences, which previously dictated that "a sentence which is not otherwise cruel and unusual [does not] become[] so simply because it is 'mandatory.'" *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991). The Court did stress that *Miller* merely creates an exception to the *Harmelin* rule, and therefore *Harmelin* remains good law as applied to adults. Nonetheless, many aspects of the *Miller* Court's reasoning for its decision are should be equally applicable to adults.

This Court has affirmed sentences on Eighth Amendment grounds. See, e.g., *United States v. Martin*, 677 F.3d 818, 819-20 (8th Cir. 2012); *United States v. Lee*, 625 F.3d at 1037; *United States v. Wiest*, 596 F.3d 906, 912 (8th Cir. 2010); and *United Sates v. Rodriguez-Ramos*, 663 F.3d 356 (8th Cir. 2011).

Mr. Furman received a life sentence pursuant to 18 U.S.C. § 3559(e). The operative language imposes this harsh and across-the-board penalty when a person "is convicted of a Federal sex offense in which a minor is the victim" and the person "has a prior sex conviction in which a minor was the victim." *Id*. § 3559(e)(1). The term "minor" means someone who has not yet reached age 17. *Id*. § 3559(e)(2)(D). And the life-sentence triggering offenses (i.e., the requisite instant

21

"Federal sex offense" and "prior sex conviction") include all manner of federal and state offenses. *Id*. § 3559(e)(2)(A)-(C). So, for example, here is a scenario that can trigger a life sentence under § 3559(e):

A pair of 16-year-olds consume alcohol (or other substance) and engage in sexual activity. Depending on the specific circumstances, this can result in a qualifying "prior sex conviction" if one becomes too intoxicated to consent, even if the other is also quite intoxicated but still sufficiently lucid to engage in the relevant act. See, e.g., *United States v. Smith*, 606 F.3d 1270, 1281 (10th Cir. 2010). A few years later, the previously-convicted individual is now 19, meets someone at a party (say, at a military base or national park) who claims to be 18 (but is actually 16), and a similar scenario occurs. This last situation can result in a conviction under 18 U.S.C. § 2242(2), and then a mandatory life sentence under § 3559(e) due to the combination of instant offense and "prior sex conviction."

A regime that countenances this kind of result violates the Eighth Amendment, not just in particular instances but rather categorically and in all applications. Certainly the government has within its power to impose a penalty for situations like that set out above, even a recidivism enhancement of some sort. But not a mandatory life term which strips courts of their traditional role of considering all aspects of the offense and the defendant before it. Life-without-parole sentences have been accurately described as the "second most severe penalty

22

permitted by law" ranking just below death punishment. *Graham*, 560 U.S. at 69.

Moreover, life without parole sentences share some characteristics with death

sentences that are shared by no other sentences. The State does not execute the

offender sentenced to life without parole, but the sentence alters the offender's life

by a forfeiture that is irrevocable. It deprives the convict of the most basic liberties

without giving hope of restoration, except perhaps by executive clemency—the

remote possibility of which does not mitigate the harshness of the sentence.

*Id.* at 69-70 (citations omitted). For this reason, the Supreme Court has held such

sentences may not be imposed upon juvenile offenders for non-homicide offenses.

*Id*. at 82. By similar rationale, the punishment cannot be constitutionally

imposed—across-the-board and irrespective of facts and circumstances—upon all

twice-convicted individuals fitting within broad and vague categories set forth in

the § 3559(e). This statutory regime violates the Eighth Amendment categorically.

Appellate Case: 16-3238     Page: 29     Date Filed: 01/05/2017 Entry ID: 4487130

## CONCLUSION

For the above reasons, this Court should vacate the conviction or remand for re-sentencing.

Dated: January 5, 2017                    Respectfully submitted,

                                          *s/ Manny K. Atwal*
                                          _____
                                          MANNY K. ATWAL
                                          Assistant Federal Defender
                                          U.S. Courthouse, Suite 107
                                          300 South Fourth Street
                                          Minneapolis, MN  55415
                                          612-664-5858

                                          Attorney for the Appellant

24

In the
UNITED STATES COURT OF APPEALS
For the Eighth Circuit

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Appeal No. 16-3238 |
| | ) | |
| v.                    Appellee, | ) | |
| | ) | **CERTIFICATE OF COMPLIANCE** |
| REX LEE FURMAN, | ) | **AND OF VIRUS FREE ELECTRONIC** |
| | ) | **BRIEF** |
| Appellant. | ) | |

I hereby certify that the Brief of Appellant filed in contains 5,090 words, excluding the table of contents, table of citations, table of abbreviations, statements with respect to oral argument, addendum and certificates of counsel and service, as counted by the word-processing system (Microsoft Word 2016) used to generate the brief. The brief otherwise complies with the type-volume limitations and typeface requirements set forth in F.R.A.P. 32(a)(7)(B) and (C) and Eighth Circuit Rule 28A(c).

I also certify that the electronic brief has been scanned for viruses and is virus free.

Dated: January 5, 2017

Respectfully submitted,

*s/ Manny K. Atwal*

_____
MANNY K. ATWAL
Assistant Federal Defender
District of Minnesota

U.S. Courthouse, Suite 107
300 South Fourth Street
Minneapolis, MN 55415
612-664-5858

25

In the
UNITED STATES COURT OF APPEALS
For the Eighth Circuit

United States of America,                        Appeal No. 16-3238

       v.                    Appellee,

**CERTIFICATE OF SERVICE**

Rex Lee Furman,

                    Appellant.

The undersigned hereby certifies that he is an employee of the Office of the Federal

Defender for the District of Minnesota and that on January 5, 2017 he served the following

documents electronically through CM/ECF to the below-listed party:

    1.      Brief of Appellant;
    2.      Certificate of Compliance (bound in brief).

Michael L. Cheever, AUSA

***s/Jay Vicha***